FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 8:12 am, Jan 05, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CHARLES LLEWLYN, | |
| Petitioner, | CIVIL ACTION NO.: 5:20-cv-77 |
| v. | |
| TRACY JOHNS, | |
| Respondent. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Llewlyn ("Llewlyn"), who is currently incarcerated at Giles W. Dalby Correctional Institution in Post, Texas, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus while he was housed at D. Ray James Correctional Facility in Folkston, Georgia.  Doc. 1.  Respondent filed a Motion to Dismiss, and Llewlyn filed a Response.  Docs. 3, 8.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Llewlyn's Petition.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Llewlyn leave to appeal *in forma pauperis*.

### BACKGROUND

Llewlyn was convicted in the Southern District of Florida of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and in the Western District of North Carolina of conspiracy to distribute and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841.  Doc. 3-1 at 6–7.  Llewlyn received an aggregate sentence of 345 months' imprisonment and has a projected release date of July 11, 2024, via good conduct

time release.  Id. at 8.  Llewlyn seeks relief based on certain provisions of the First Step Act of 2018 and the Administrative Procedures Act, as well as Program Statement 5050.50.  Doc. 1.

## DISCUSSION

In his Petition, Llewlyn asserts he has completed recidivism programs and engaged in productive activities, which entitle him to earned time credit under 18 U.S.C. § 3632(d)(4)(E).  Id. at 2.  Llewlyn also asserts the Bureau of Prisons ("BOP") has not amended Program Statement 5050.50 to conform to the requirements of United States Sentencing Guidelines § 1.B1.13, which deprives him of meaningful relief under 18 U.S.C. § 3582(c)(1)(A).  Id. at 3.

Respondent contends Llewlyn's claim is premature and not cognizable under § 2241.  Doc. 3 at 2.  Respondent additionally contends this Court lacks jurisdiction to review Llewlyn's claims.  Id.

**I.      Llewlyn's First Step Act Claim is Premature**

Respondent contends the BOP has not yet determined which programs and activities under 18 U.S.C. § 3632(d)(4) will qualify as "evidence-based recidivism reduction programs or productive activities[,]" allowing credit toward the sentences of those prisoners who successfully complete these activities and programs.  Doc. 3 at 1–2.  Respondent asserts the BOP is not obligated to offer any programs until two years after the BOP completes a risk and needs assessment for each prisoner.  Id. at 2 (quoting 18 U.S.C. § 3621(h)(2)(A)).  Respondent states this assessment deadline was January 15, 2020, which makes the deadline for the BOP to provide these programs and, thus, allowing prisoners potentially to obtain credit, January 15, 2022.  Id.  In addition, Respondent asserts the language in 18 U.S.C. § 3621(h)(4) allows the BOP to consider expanding the programs and activities already at a prison and offering incentives to prisoners who complete these programs, such as time credit, but this language is permissive.  Id.

2

at 4.  Respondent contends Llewlyn seeks to bypass the completion of the prescribed process by asking this Court to order the BOP to award him time credits now and assumes the programs in which he has participated will qualify as requisite programs under 18 U.S.C. § 3635(3)(A).  Id.  Thus, Respondent contends Llewlyn's claim is premature and not yet ripe for review.  Id. at 4–5.  In response, Llewlyn states the First Step Act does not preclude application of the programs-based earned time credits to "prisoners[] in the pipeline."  Doc. 8 at 1, 2.

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."  Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  "The [ripeness] doctrine seeks to avoid entangling courts in the hazards of premature adjudication."  Shorter v. Warden, 803 F. App'x 332, 335 (11th Cir. 2020) (internal citation omitted) (alteration in original).

On December 21, 2018, the First Step Act was signed into law.  Among other things, the First Step Act provides that, "[n]ot later than 210 days after the date of enactment of this subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, was to develop and release publicly on the Department of Justice website a risk and needs assessment system."  18 U.S.C. § 3632.  The Attorney General met that deadline by publicly releasing a risk and needs assessment system on July 19, 2019.  See First Step Act of 2018 Risk & Needs Assessment System (called the Prisoner Assessment Tool Targeting Estimated Risk and Needs or the "PATTERN").  Additionally,

3

pursuant to the First Step Act, the BOP had 180 days after the Attorney General completed and released the system to implement and complete the initial needs assessment for each prisoner. See Bowling v. Hudgins, Civil No. 5:19CV285, 2020 WL 1918248, at *4 (N.D. W. Va. Mar. 16, 2020), *report and recommendation adopted*, 2020 WL 1917490 (N.D. Va. Apr. 20, 2020) (finding petition to be premature because the BOP had "180 days, or until January 15, 2020 to implement the system, complete inmate assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs"). Thus, the deadline was January 15, 2020.

Additionally and as relevant here, the First Step Act gives the BOP two years after it completes the risk and needs assessment for each prisoner to "phase in" the program implementation. 18 U.S.C. § 3261(h); Allen v. Hendrix, 2:19-CV-00107, 2019 WL 8017868, at *2–3 (E.D. Ark. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 890396 (E.D. Ark. Feb. 24, 2020) (finding petition premature because the BOP had "until January 15, 2020, to implement the system, complete inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs"). This two-year phase-in date has not expired and will not expire until January 15, 2022. Doc. 6 at 2.

Because the First Step Act does not require actual implementation for each inmate until January 2022, Llewlyn is not entitled to an order from this Court compelling the BOP to recalculate his time credits. His petition is premature, and his claim is not yet ripe. Allen, 2019 WL 8017868 at *3. Further, there is nothing before the Court indicating the programs and activities in which Llewlyn asserts he has participated will entitle him to his sought after credits. 18 U.S.C. §§ 3632(d)(4)(B), 3635(3). Therefore, to provide Llewlyn with "the relief he requests would result in an 'unwarranted federal court interference with the administration of prisons.'"

4

Herring v. Joseph, No. 4:20CV249, 2020 WL 3671375, at *3–4 (N.D. Fla. June 22, 2020) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)), *report and recommendation adopted in part, rejected in part on other grounds*, 2020 WL 3642706 (N.D. Fla. July 6, 2020).  Once the changes of the First Step Act have been fully implemented, it will be for the BOP first to determine whether to award Llewlyn time credit, not this Court.  United States v. Chandler, 1:15-cr-10084, 2020 WL 806370, at *1 (W.D. Tenn. Feb. 18, 2020).

For these reasons, the Court should **GRANT** this portion of Respondent's Motion to Dismiss and **DENY** this portion of Llewlyn's Petition.  As such, it is unnecessary to address Llewlyn's Administrative Procedures Act claim, as that claim appears based on the BOP's analysis of the First Step Act.[1]  See Doc. 3 at 5–8.

## II.     Program Statement 5050.50

Respondent contends Llewlyn has not shown he has standing to challenge Program Statement 5050.50 and U.S.S.G. § 1B1.13, as he has not alleged an injury-in-fact that is fairly traceable to any alleged conflict between the Program Statement and this Sentencing Guideline provision.  Doc. 3 at 9.  Respondent notes the amended version of § 3582(c) permits Llewlyn to petition his sentencing court for a reduction in sentence once he exhausts his administrative remedies.  Id.

Under the amended version of § 3582(c), a court may modify a term of imprisonment upon motion of a defendant, after exhaustion of his administrative remedies, if the court finds "extraordinary and compelling reasons warrant" a modification.  § 3582(c)(1)(A)(i).  "Modification of a defendant's sentence under this statute is commonly referred to as 'compassionate release.'"  United States v. Jordan, Case No.: 3:16-cr-92-J-39PDB, 2020 WL

---

[1]     Respondent further notes Llewlyn has not exhausted his First Step Act claim, as he cannot even begin to file administrative remedies of his claim until January 15, 2022.  Doc. 3 at 5 n.1.

5

1640097, at *1 (M.D. Fla. Apr. 2, 2020) (quoting <u>Orlansky v. FCI Miami Warden</u>, 754 F. App'x 862, 864–66 (11th Cir. 2018)).  Section 1B1.13 is the United States Sentencing Commission's statement "governing the circumstances when compassionate release is warranted."  <u>Id.</u>  And Program Statement 5050.50 is the BOP's procedure for implementation of sentences, including § 3582(c)(1)(A) and "extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing."  Program Statement 5050.50, p. 1, https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited Jan. 5, 2021).

Llewlyn states the BOP has denied two of his requests for a reduction in his sentence or compassionate release.  Doc. 8 at 4.  Even if this is accurate, Llewlyn does not show the BOP's interpretation of § 3582(c)(1)(A) or § 1B1.13—as promulgated as Program Statement 5050.50—is impermissible.  Instead, Llewlyn faults the BOP for failing to amend this Statement, which does not entitle him to any relief.  <u>See</u> <u>Jordan</u>, 2020 WL 1640097, at *3 (noting the court defers to the BOP's interpretation of Program Statement 5050.50 because the interpretation is permissible).  In addition, even if Llewlyn were entitled to relief in the form of compassionate release or a reduction in his sentence, he should seek that relief from his sentencing courts. § 3582(c)(1)(A); <u>see also</u> <u>United States v. Rogers</u>, Case No. 5:12-cr-29-Oc-28PRL, 2020 WL 4597063, at *2 (M.D. Fla. Aug. 11, 2020) (collecting cases discussing "extraordinary and compelling" circumstances warranting sentence reductions).

Thus, the Court should **GRANT** this portion of Respondent's Motion and **DENY** this portion of Llewlyn's Petition.

### III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Llewlyn leave to appeal *in forma pauperis*.  Though Llewlyn has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's

order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Llewlyn's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Llewlyn *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Llewlyn's Petition.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Llewlyn leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 5th day of January, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA