# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| CHARLES LLEWLYN, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 5:20-cv-77 |
| | * | |
| v. | * | |
| | * | |
| TRACY JOHNS, | * | |
| | * | |
| Respondent. | * | |

### ORDER

After an independent and de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 10. Petitioner Charles Llewlyn ("Llewlyn") filed Objections to this Report and Recommendation. Dkt. No. 11.

In his Objections, Llewlyn states the Magistrate Judge performed no independent analysis and "parrot[ed] Respondent's counsel's specious position which is contrary to the plain language of the First Step Act." Id. at p. 1. Llewlyn directs the Court's attention to a printout from the Bureau of Prisons' ("BOP") website and a Report and Recommendation, which was adopted, arising out of the Northern District of Florida. Id.

AO 72A
(Rev. 8/82)

at pp. 1-2.  According to Llewlyn, the Northern District of Florida court's decision "succinctly shows" the Magistrate Judge's Report and Recommendation in this Court is contrary to the First Step Act.  Id. at p. 2.  Llewlyn also objects to the Magistrate Judge's determination he does not have standing to challenge the misapplication of Program Statement 5050.50 and 18 U.S.C. § 3582(c)(1)(A), because the BOP's interpretation of this statute is contrary to law.  Id. at p. 3.

Nothing in Llewlyn's Objections indicates the Magistrate Judge erred in his recommendations.  The printout from the BOP's website does indicate credit under the First Step Act "*may*" be earned only "for completion of assigned evidence-based recidivism reduction programs or productive activities authorized by BOP and successfully completed on or after January 15, 2020."  Doc. 11-1, p. 4 (italics added).  First, even if this language were controlling authority, it is permissive—not mandatory, as it uses "may."  Additionally, Llewyln provides no evidence he completed any programs or the BOP authorized the programs he did complete on or after January 15, 2020.

Further, the Northern District of Florida court's determination in Wilson v. Sawyer, Case No. 4:19cv358 (N.D. Fla. Jan. 9, 2020), does not provide Llewlyn with his requested relief.  In Wilson, United States Magistrate Judge Elizabeth Timothy recognized the two-year phase-in provisions of the First

2

Step Act, determined the petitioner "failed to demonstrate that the BOP violated the Constitution or federal law by failing to award time credits" during this period, and recommended the petition be denied. R. & R., <u>Wilson v. Hawk</u>, Case No. 4:19cv358 (N.D. Fla. Jan. 9, 2020), ECF No. 25, p. 13.  While Judge Timothy recognized the petitioner failed to exhaust his administrative remedies, she also recognized the BOP was "simply **authorized to offer**" time credits "as a preliminary measure" during the phase-in period and the BOP was not **required** to do so.  <u>Id.</u> at pp. 13-14 (emphases in original).  This is the same conclusion the Magistrate Judge reached in this case.

Finally, Llewlyn's assertion the Magistrate Judge erred by finding he lacks standing to challenge the BOP's interpretation of § 3582(c)(1)(A), as promulgated in Program Statement 5050.50, is without merit.  The Magistrate Judge did not determine Llewlyn lacks standing to challenge this interpretation; rather, the Magistrate Judge referred to Respondent's standing challenge.  Dkt. No. 10, p. 5 (citing Dkt. No. 3, p. 9).  The Magistrate Judge determined Llewlyn did not show the BOP's interpretation of § 3582(c)(1)(A) is impermissible.  <u>Id.</u> at p. 6.  Additionally, the Magistrate Judge observed Llewlyn should seek compassionate release under § 3582(c)(1)(A) from his sentencing courts, not this Court.  <u>Id.</u>

3

The Court **OVERRULES** Llewlyn's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.  The Court also **GRANTS** Respondent's Motion to Dismiss, **DENIES** Llewlyn's 28 U.S.C. § 2241 Petition, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Llewlyn *in forma pauperis* status on appeal.

**SO ORDERED**, this  29  day of  January , 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)